36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry K. MUNYON, Petitioner-Appellant,
v.
Micah A. ROSS, Kansas Parole Board and Attorney General of
Kansas, Respondents-Appellees.
 No. 94-3067.
 United States Court of Appeals, Tenth Circuit.
 Sept. 21, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Munyon, a state inmate and pro se litigant, appeals the denial of habeas corpus relief.
 
 
 3
 Mr. Munyon's habeas corpus petition asserts he was denied effective assistance of counsel.[2] The United States District Court concluded Mr. Munyon was not denied the effective assistance of counsel. It is this ruling Mr. Munyon appeals.
 
 
 4
 We must first examine our jurisdiction to decide this appeal. The record on appeal reveals the following chronology:
 
 
 5
 January 10, 1994 District Court denies habeas corpus relief.
 
 
 6
 January 31, 1994 Mr. Munyon files a motion requesting sixty days to research the Court's order.
 
 
 7
 February 2, 1994 District Court denies the motion and specifically advises Mr. Munyon that his sole option is to file a notice of appeal on or before February 9, 1994.
 
 
 8
 February 15, 1994 Mr. Munyon requests reconsideration of the January 10 order.
 
 
 9
 February 16, 1994 District Court denies reconsideration as it was untimely.
 
 
 10
 March 11, 1994 Mr. Munyon files a petition for a certificate of probable cause specifically requesting that he be allowed to proceed out of time.
 
 
 11
 March 16, 1994 District Court denies the petition as untimely.
 
 
 12
 This court may not decide an appeal unless we have jurisdiction. To gain jurisdiction, a timely notice of appeal must have been filed. Fed. R.App. P. 4. This case illustrates some of the problems created by pro se litigants, because Mr. Munyon has never filed an actual notice of appeal.
 
 
 13
 The first question we must answer is whether Mr. Munyon's petition for a certificate of probable cause is the functional equivalent of a notice of appeal. While a reasonable argument could be made that this document is not the functional equivalent of an appeal, we conclude this document to be the functional equivalent of a notice of appeal. Therefore, we hold Mr. Munyon filed a notice of appeal.
 
 
 14
 We must next decide whether this functional equivalent of a notice of appeal was timely filed. Fed. R.App. P. 4(a) requires a notice of appeal to be filed within thirty days after the date of the entry of the judgment appealed. It was not.
 
 
 15
 Therefore, we must determine whether Mr. Munyon's motion for reconsideration, which was filed forty-four days after the district court's final judgment, can operate to extend the time for filing the notice of appeal. Certain post-trial motions suspend the finality of the judgment. The time for giving the notice of appeal then runs from the entry of the order granting or denying these motions if these motions were timely filed. In civil cases, as this case is, the time for filing the notice of appeal is extended by a motion for judgment under Fed.R.Civ.P. 50(b); a motion to amend the findings under Rule 52(b); a motion for a new trial under Rule 59; a motion to alter or amend the judgment under Rule 59(e); or a motion for relief under Rule 60 (which has this effect only if served within ten days after the entry of judgment). Fed. R.App. P. 4(a). Mr. Munyon's motion fails to fall within any of the categories that would have extended his time of filing. If we were to construe the motion for reconsideration as a motion to alter or amend the judgment pursuant to Rule 59(e), this still fails to help Mr. Munyon as such a motion must have been filed "not later than 10 days after entry of the judgment" and it was not.
 
 
 16
 Mr. Munyon's motion to reconsider failed to extend the time for filing the notice of appeal as the motion was not timely filed. This in turn means Mr. Munyon's notice of appeal was not timely filed. We therefore lack jurisdiction to decide Mr. Munyon's appeal.
 
 
 17
 This appeal is hereby DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Munyon also asserts a double jeopardy violation. However, this was not an issue in Mr. Munyon's habeas corpus petition to the district court. Therefore, we cannot address this issue on appeal. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720 (10th Cir.1993) (quoting Singleton v. Wulff, 428 U.S. 106, 120 (1976))